IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Benjamin Heyward, # 165514, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> South Carolina Department of ) <br> Corrections, *SCDC*, ) <br> ) <br> Defendants. ) | Civil Action No. 6:15-859-JFA-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The plaintiff is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In the above-captioned civil rights action, the plaintiff has brought suit against the SCDC for an alleged incident of excessive force by SCDC employees.

The alleged incident of excessive force took place on March 21, 2013, at the Perry Correctional Institution (doc. 1 at 4). According to the plaintiff, Captain Williams and Lieutenant Peay smashed the plaintiff's head into two doors (*id*.). Subsequently, Lieutenant Robertson smashed the plaintiff's left shoulder and neck into a "steel bar electric slide door" (*id*.). Captain Williams and Lieutenant Robertson then pushed the plaintiff, who was handcuffed, into a metal bed prior to "strip-celling" the plaintiff (*id*. at 4–5). According to the plaintiff, he sustained various injuries (*id*. at 5). In his prayer for relief, the plaintiff seeks compensatory damages of $125,000 and punitive damages of $125,000 from Lieutenant Peay and Captain Williams (*id*. at 6).

The plaintiff has appended various exhibits to the complaint. Those exhibits include the plaintiff's affidavit (doc. 1-1); an affidavit from Lieutenant Peay relating to the incident, which was filed in *Benjamin Heyward v. Larry Cartledge, et al.*, Case No.

2014-CP-23-4985 (doc. 1-2 at 1–2); an affidavit from Captain Williams filed in Case 2014-CP-23-4985 (doc. 1-2 at 3–4);[*] the plaintiff's SCDC medical summary print-out dated October 14, 2014 (doc. 1-3); the plaintiff's grievances and step 2 appeals (doc. 1-4); a Use of Force form dated March 21, 2013 (doc. 1-5); a Request to Staff form dated December 22, 2014, and relating to the plaintiff's medications, Remeron and Prazosin (doc. 1-6); and the SCDC incident report for March 21, 2013 (doc. 1-7).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The SCDC is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v.*

---

[*]Case No. 2014-CP-23-4985, which was filed on September 10, 2014, is pending before the Court of Common Pleas for Greenville County.  According to the Public Index for the Greenville County Clerk of Court Office (http://www.greenvillecounty.org/SCJD/PublicIndex/, last visited on Mar. 2, 2015), the defendants on February 13, 2015, filed a motion for summary judgment, which is scheduled to be heard during the week of April 6–10, 2015.  This federal court may take judicial notice of Case No. 2014. *See Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n.1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

*South Carolina State Ports Auth.*, 535 U.S. 743, 744–45 (2002); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978).

The SCDC cannot be held liable for the actions of Captain Williams, Lieutenant Peay, or Lieutenant Robertson. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977); and *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C. July 25, 2007). The plaintiff has failed to show that the events alleged in this case were the result of any governmental policy of the SCDC. *See Los Angeles Cnty. v. Humphries*, 562 U.S. 29 (2010).

This court cannot award damages in this case against Captain Williams and Lieutenant Peay because they are not parties to the above-captioned case. *Ohio River Valley Envtl. Coal., Inc. v. Green Valley Coal Co.*, 511 F.3d 407, 416–17 (4th Cir. 2007), (citing *Johnson v. City of Aiken*, 278 F.3d 333, 338 (4th Cir. 2002)).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

March 3, 2015                                                              s/ Kevin F. McDonald
Greenville, South Carolina                                        United States Magistrate Judge

3

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).